## THE STATE v. MINNIE KELLER, Appellant.

**Division Two, March 23, 1921.**

1. **ABORTION: Gravamen: Intent.** The production of an abortion is not the offense denounced by the statute (Sec. 4458, R. S. 1909), but the intent to produce a miscarriage or abortion, where the act is not a medical necessity. The intent constitutes the gravamen of the offense, and the evidence must establish such unlawful intent.

2. ————: **Intent: Sufficient Evidence: Dying Declaration.** A conviction under the statute declaring that "any person who, with intent to produce or promote a miscarriage or abortion," administers "to a woman (whether actually pregnant or not) any instrument or other method or device to produce miscarriage or abortion," cannot be based upon the dying declaration of the deceased woman alone unless the State also show that she was pregnant when the operation was performed. If there is no evidence to show that the woman was pregnant at the time of the operation, her dying declaration, uncorroborated, is not sufficient (under Sec. 5240, R. S. 1909) to sustain a conviction.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

REVERSED.

*Anthony A. Hochdoerfer* for appellant.

(1) The negative averments of the indictment should have been established by the State. The indictment, having changed in express terms, in addition to other negative averments, that the use of instruments upon Mabel Hitz was not necessary to preserve the life of an unborn child then in the womb of Mabel Hitz, nor advised by a duly licensed physician to be necessary for the purpose of preserving the life of an unborn child then in the womb of Mabel Hitz, it became necessary for the State to prove these specific allegations. State v. Meek,

State v. Keller.

70 Mo. 355; State v. Casto, 231 Mo. 398; State v. Clements, 14 Pac., 410. (2) The motion made by the defendant at the close of the State's case in the nature of a demurrer and again renewed at the close of the whole case, should have been sustained, because Section 5240, Revised Statutes 1909, provides, that, in prosecutions for "manslaughter occasioned by an abortion or miscarriage . . . no conviction shall be based upon a dying declaration . . . unless corroborated as to the fact that an abortion or miscarriage had taken place." Outside of the dying declaration there was no corroborating evidence as to the fact that an "abortion or miscarriage had taken place," or the connection of the defendant therewith. The conviction herein is based upon the dying declaration admitted in evidence. (3) The court should have instructed the jury in an appropriate instruction that no conviction could be based upon a dying declaration, "unless corroborated as to the fact that an abortion or miscarriage had taken place." Secs. 5231, 5240, R. S. 1909.

*Frank W. McAllister*, Attorney-General, and *George V. Berry*, Assistant Attorney-General, for respondent.

(1) The State proved every element of the crime and every averment in the indictment including the negative ones. State v. De Groat, 259 Mo. 380; State v. Sonner, 253 Mo. 446; State v. Dargatz, 244 Mo. 225; State v. Casto, 231 Mo. 408; State v. Meek, 70 Mo. 358; State v. Hawkins, 210 S. W. 7. (2) The dying declaration of the prosecutrix was fully corroborated. Sec. 5240, R. S. 1909; State v. De Groat, 259 Mo. 372; State v. Aitken, 240 Mo. 262; State v. Casto, 231 Mo. 409; State v. Hawkins, 210 S. W. 7. (3) Instruction No. 2 was not erroneous. The trial court had first passed upon the admissibility of the dying declaration. State v. Zorn, 202 Mo. 34; State v. Johnson, 118 Mo. 504; Thurston v. Fritz, 91 Kan. 470; State v. Hendricks, 172 Mo. 670; State v. McCanon, 51 Mo. 162; State v. Crone, 209 Mo. 326. (4) Appellant did not ask for an instruction requiring the

dying declaration to be corroborated by proof of an abortion, nor did she save the point. Sec. 5240, R. S. 1909; State v. Lewis, 273 Mo. 532; State v. McBrien, 265 Mo. 604; State v. Hendricks, 172 Mo. 670; State v. Reed, 137 Mo. 128; State v. Rowe, 196 Mo. 9; State v. Othick, 184 Mo. 108. (5) The indictment is sufficient. It is definite and certain, follows the language of the statute and fully informs the defendant of the offense with which she is charged. Sec. 4458, R. S. 1909; Kelley's Crim. Law and Prac., sec. 493; State v. Hawkins, 210 S. W. 6; State v. Gow, 235 Mo. 314; State v. Casto, 231 Mo. 402; State v. Dargatz, 244 Mo. 225; State v. Harroun, 199 Mo. 525; State v. Mills, 146 Mo. 206.

RAILEY, C.—On June 1, 1918, the grand jury of the City of St. Louis, Missouri, returned into the circuit court of said city an indictment against defendant, charging her with having performed an unlawful operation on Mabel Hitz in the city aforesaid, on April 20, 1918 with the felonious intent of producing an abortion or miscarriage, from the effects of which said Mabel Hitz died on April 28, 1918.

Defendant, on March 24, 1919, was formally arraigned in open court, waived the reading of said indictment and entered a plea of not guilty.

On March 25, 1919, the jury before whom said cause was tried, returned into court the following verdict:

"We, the jury in the above entitled cause, find the defendant guilty of manslaughter in the second degree as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for three years."

Defendant, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled. After sentence and judgment, she appealed the cause to this court.

The evidence, and such other matters as we may deem important, will be considered later.

I. The indictment is based upon Section 4458, Revised Statutes 1909, and its sufficiency is challenged.

We are of the opinion that appellant's contention, in respect to said matter, is devoid of merit. The indict-

**Indictment.** ment, as framed, meets with the substantial requirements of said statute as construed in State v. Hawkins, 210 S. W. (Mo.) l. c. 6, and State ex. rel. v. Shields, 230 Mo. l. c. 100, and following.

II.   It is contended by appellant that the trial court committed error in overruling her demurrer to the evidence at the conclusion of the whole case. In passing upon this question, it will be necessary to consider the

**Insufficient Evidence.** provisions of the statute under which this proceeding was commenced, the subject-matter of the indictment, and the evidence produced at the trial.

Section 4458, Revised Statutes 1909, reads as follows:

"Any person who, with *intent* to produce or promote a miscarriage or abortion, . . . administers to a woman (*whether actually pregnant or not*), . . . any instrument or other method or device to produce a miscarriage or abortion (unless the same is necessary to preserve her life or that of an unborn child, or if such person is not a duly licensed physician, unless the said act has been advised by a duly licensed physician to be necessary for such a purpose), shall, in event of the death of said woman, or any quick child whereof she may be pregnant, being thereby occasioned, upon conviction be adjudged guilty of manslaughter in the second degree and punished accordingly." (Italics ours).

Second 4469, Revised Statutes 1909, provides that the punishment for manslaughter in the second degree is by imprisonment in the penitentiary not less than three nor more than five years.

The indictment herein does not charge that, on April 20th, 1918, Mabel Hitz was pregnant, and that defendant operated on her to produce an abortion or miscarriage, but she is charged with having performed an unlawful

operation on said date, with the felonious intent of producing an abortion or miscarriage. It is not a crime to produce an abortion or miscarriage, provided the operation is authorized by Section 4458, supra.

In construing said Section, BURGESS, J., in the well considered case of State ex rel. v. Shields, 230 Mo. l. c. 103, said:

"The production of abortion is not the offense denounced by the Statute, but the intent to produce a miscarriage or abortion, by administering drugs, using instruments, etc., where the act is not a medical necessity. The intent constitutes the gravamen of the offense, and the failure of the attempt has no bearing whatever upon the guilt of the defendant, as the actual production of a miscarriage is unnecessary to the completion of the offense."

Keeping in mind the provisions of the law aforesaid, and the averments of the indictment, was the evidence adduced at the trial sufficient to warrant the conviction of defendant? In order to determine this question, we will proceed by process of elimination. After a very careful reading of the record and leaving out of consideration, for the present, the dying declarations of Mabel Hitz, we find no substantial evidence tending to show that, on April 20, 1918, or at any other time, Mrs. Hitz was actually pregnant, nor does the evidence, without the dying declarations, tend to show, that defendant performed, or attempted to perform on her, any kind of an operation.

Passing, for the purposes of the case, the objections urged against the competency and legal effect of the dying declarations, is the verdict of the jury supported by substantial evidence, and can it stand the test of judicial criticism?

Section 5240, Revised Statutes 1909, which authorizes dying declarations of this character to be read in evidence, provides that, in prosecution for abortion or miscarriage, "no conviction shall be based alone upon such declarations unless corroborated as to the fact that an abortion or miscarriage has taken place." Bouvier de-

fines abortion as "the expulsion of the foetus at a period of utero-gestation so early that it has not acquired the power of sustaining an independent life." In 1 Cyc. 170, abortion is defined as, "the delivery or expulsion of the human foetus prematurely, or before it is yet capable of sustaining life." In 1 Ruling Case Law, Section 9, pages 74-5, it is said: "The rule upheld by the weight of authority in the United States is that, in the absence of statute, to render criminal the procurement of a miscarriage the woman whom the accused causes to miscarry must be quick with child." In order to sustain a conviction based alone upon the dying declarations of Mrs. Hitz, it was necessary for the State to show that she was pregnant when the alleged operation was performed. As there is nothing in the record tending to show, that Mabel Hitz was pregnant in April, 1918, her dying declarations, uncorroborated as aforesaid, were insufficient to sustain a conviction in this case. In other words, before a conviction can be upheld, based alone upon said dying declarations, it must appear that Mabel Hitz was pregnant in April, 1918, and that an abortion or miscarriage was then produced by defendant as alleged in the indictment. The evidence submitted at the trial, did not warrant the jury in finding defendant guilty of the crime charged against her.

III.    Other matters have been presented by counsel in their respective briefs, but in view of the conclusions heretofore reached, it becomes unnecessary to consider same. On the record before us, the defendant was improperly convicted.

As all the witnesses who might be expected to throw any light on the transactions before us were examined at the trial, we do not deem it advisable to remand the cause. We accordingly reverse the case and discharge the defendant. *White, C.,* concurs; *Mozley, C.,* dissents.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the Judges concur.